# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ISHAQ TUNIO and**
**SINDHI ASSOCIATION OF NORTH AMERICA,**
    **Plaintiffs,**

    v.                                                     Case No. 16-C-0873

**JAMIL DAUDI, et al.,**
    **Defendants.**

## DECISION AND ORDER

Ishaq Tunio has brought a derivative action in the name of the Sindhi Association of North America ("SANA"), a not-for-profit corporation organized under New York law. The defendants are seven individuals who hold or held certain management positions within SANA. Tunio also names himself as a plaintiff and asserts his own claim for civil fraud against the defendants. In a prior order, I found that the original complaint did not properly allege a basis for federal subject-matter jurisdiction, and I granted Tunio leave to file an amended complaint that cured the deficiencies. *See* ECF No. 20. Tunio has since filed such an amended complaint. Five of the defendants who have appeared now move to dismiss the amended complaint.[1] In the present order, I revisit the question of subject-matter jurisdiction and address the defendants' motion to dismiss.

SANA is a society of individuals living in North America who are of Sindhi descent. According to the allegations of the amended complaint, SANA's purpose is "to work and cooperate with other individuals and organizations for human rights, social

---

[1] The remaining two defendants, Jamil Daudi and Zulfiqar Ali Shaikh, have not appeared in this case.

justice, world peace, cultural tolerance, international brotherhood, global disarmament, the eradication of world hunger, poverty and disease, and conservation of ecology." Am. Compl. ¶ 15. SANA is organized as a New York not-for-profit corporation and has its principal place of business in Maryland. *Id.* ¶ 5. Tunio, who is domiciled in Illinois, is a member of SANA and has been for some time. *Id.* ¶ 1. The amended complaint alleges that the seven defendants are, respectively, citizens of Texas, California, Canada, Missouri, Minnesota, Michigan, and Wisconsin. It further alleges that these defendants, who at different times held different positions within SANA, committed various breaches of their duties to the corporation and its membership. Although the complaint alleges that the defendants engaged a wide array of misconduct, primarily it alleges that the defendants attempted to manipulate the outcome of one of SANA's elections and failed to maintain the organization's status under § 501(c)(3) of the Internal Revenue Code.

Tunio alleges that federal jurisdiction is proper under 28 U.S.C. § 1332, the diversity jurisdiction. In general, this requires that the parties be citizens of different states and that the amount in controversy exceed $75,000, exclusive of interest and costs. The amended complaint properly alleges that the parties are diverse: neither of the plaintiffs is a citizen of the same state as any defendant, and the presence of the Canadian defendant is permitted under § 1332(a)(3). The amended complaint also alleges, under the heading "jurisdiction and venue," that "the matter in controversy exceeds $75,000." Am. Compl. at p. 3 (unnumbered paragraph). However, as I noted in my last order, this allegation does not satisfy the amount-in-controversy requirement because this case includes the claims of multiple plaintiffs against multiple defendants.

The value of these separate claims cannot be aggregated; instead, at least one plaintiff, on its own, must have a claim against a defendant that exceeds $75,000. *See Travelers Property Cas. v. Good*, 689 F.3d 714, 717–19 (7th Cir. 2012). Thus, to properly allege that the amount-in-controversy requirement is satisfied, the complaint must allege that a single plaintiff has a claim against a defendant that exceeds $75,000.

Although the "jurisdiction and venue" section of the amended complaint does not allege that any single plaintiff has a claim for more than $75,000 against any defendant, the amended complaint later alleges that one of the defendants, Irshad Kazi, "is liable to SANA for an amount in excess of $75,000." Am. Compl. ¶ 128. This allegation satisfies the amount-in-controversy requirement as to SANA's claim against Kazi. The amended complaint also alleges that defendant Aijaz Turk "owes SANA the $100,000 he pledged to SANA." Am. Compl. 118. Assuming that Tunio intends to bring a claim on behalf of SANA against Turk for payment of this $100,000, then the amount-in-controversy requirement would be satisfied as to that claim. However, the complaint does not allege that Tunio himself has a claim against any defendant for more than $75,000, nor does it allege that SANA has a claim for more than $75,000 against the other five defendants. It thus appears that, for these additional claims, Tunio intends to rely on the supplemental jurisdiction, 28 U.S.C. § 1367. This is allowed. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment.").

Accordingly, I conclude that the amended complaint adequately alleges a basis for federal subject-matter jurisdiction.

I now turn to the motion to dismiss filed by defendants Irshad Kazi, Aijazul Haque,[2] Dr. Aijaz Turk, Dr. Valeed Shaikh, and Munir Soomro. Four of these defendants—Kazi, Haque, Turk, and Shaikh—argue that they are not subject to personal jurisdiction in Wisconsin. All five plaintiffs point to various other problems with the plaintiffs' claims that require dismissal. One such problem is that Tunio has not complied with certain procedural requirements necessary to bring a derivative action in SANA's name. As I explain below, this problem requires the dismissal of SANA's claims, which are the only claims that satisfy the amount-in-controversy requirement of § 1332. Because I am dismissing SANA's claims, I will relinquish supplemental jurisdiction over Tunio's individual claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction). Because these decisions will dispose of the entire suit in this court, I will not separately address personal jurisdiction or the other grounds raised by the defendants for dismissing this suit.

As noted above, SANA is organized under New York law. That state has a statute allowing members of a not-for-profit corporation to bring a derivative action in the name of the corporation. *See* N.Y. Not-For-Profit Corporation Law § 623 (West 2017). Tunio purports to bring his suit on behalf of SANA under this law, and he does not dispute that before he may do so he must comply with that law's procedural

---

[2] Defendant Aijazul Haque has filed a declaration in which he states that the complaint erroneously identifies him as "Aijaz Memon." ECF No. 24-2 ¶ 9. For this reason, I will refer to him as Aijazul Haque.

requirements. *See* Br. in Opp. at 10, ECF No. 25. One such requirement is that the suit be "brought . . . by five percent or more of any class of members." § 623(a). The defendants contend that this requirement has not been satisfied.

In response to the defendants' argument, Tunio argues that he has satisfied the 5% requirement by alleging in the complaint that "[o]ver five (5%) percent of the SANA Members as of August 14, 2014 support this law suit."[3] *See* Br. in Opp. at 10 (citing Am. Compl. ¶ 96). However, the statute does not require that at least 5% of the membership merely "support" the lawsuit. Instead, the statute requires that the suit be *brought by* 5% of the membership. In ordinary legal usage, a suit is "brought by" a person when that person is a named party, such as a plaintiff. So the text of the statute seems to require that persons constituting at least 5% of the membership actually appear in the suit as parties or as named representatives of the corporation. Likewise, the legislative commentary to the statute states that "[n]o derivative action can be brought under this section unless *the plaintiffs in such action consist of* at least 5% of any class of members." *See* § 623, cmt. (a) (emphasis added). The text that I have emphasized appears to require that at least 5% of the class of members actually join the suit as plaintiffs. Moreover, the only New York case to have expressly considered this issue concludes that a derivative suit can be maintained only if the complaint

---

[3] Tunio does not explain why he references the date August 14, 2014. I assume that it is because he also alleges that, shortly after August 15, 2014, the defendants recruited 680 new SANA members, Am. Compl. ¶ 34, and Tunio considers the members who joined on or before August 14, 2014, to constitute a distinct "class" of members for purposes of § 623(a). But for purposes of the Not-For-Profit Law, a "class" must be defined in the corporation's certificate of incorporation or bylaws, s*ee* § 601, and the amended complaint does not allege that these documents define the members as of August 14, 2014, as a distinct class of members.

identifies by name the members of the corporation who join the suit and constitute at least 5% of the membership; under that case, a "bald allegation of representation is insufficient." *Segal v. Powers*, 687 N.Y.S.2d 589, 591 (N.Y. Sup. Ct. 1999). In light of the text of the statute, the legislative commentary, and the only judicial opinion on this subject, I conclude that Tunio's bald allegation that his suit is "supported" by 5% of a class of members is insufficient. For this reason alone, the derivative claims must be dismissed.[4]

The defendants next contend that Tunio has not complied with § 623(c) of the Not-For-Profit Law, which requires that, in any derivative action, "the complaint shall set forth with particularity the efforts of the plaintiff or plaintiffs to secure the initiation of [the] action by the board o[r] the reason for not making such effort." This requirement parallels Federal Rule of Civil Procedure 23.1(b)(3), which requires that the complaint in any derivative action "state with particularity any effort by the plaintiff to obtain the desired action from the directors or comparable authority . . . and the reasons for not obtaining the action or not making the effort." In their brief in support of their motion to dismiss, the defendants argue that the amended complaint does not comply with these requirements. S*ee* Br. in Supp. at 25–26, ECF No. 24. Tunio does not respond to this argument in his brief in opposition to the motion, *see* Br. in Opp. at 10, and therefore I consider him to have waived any argument that the amended complaint complies with

---

[4] In addition, as explained in footnote 3, above, Tunio alleges that he has the support of 5% of the members of SANA *as of August 14, 2014*. But 680 new members were added after that date, *see* Am. Compl. ¶ 34, and as explained in footnote 3, the members as of August 14, 2014 do not constitute a distinct class of SANA's membership. Thus, Tunio has not even alleged that he has the support of at least 5% of a class of SANA's membership.

6

either § 623(c) or Rule 23.1(b)(3). *See, e.g., Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005) (argument not raised in response to motion in the district court is waived).

For the above reasons, I will dismiss the claims of SANA and relinquish supplemental jurisdiction over Tunio's personal claims. Because, at least in theory, the defects in the derivative claims can be cured by convincing 5% of a class of SANA's members to join the suit as named parties and by alleging that the requirements of § 623(c) and Rule 23.1(b)(3) have been satisfied, the dismissal of the derivative claims will be without prejudice. However, I advise the plaintiff to bring any future derivative action in New York, where all of the defendants are more likely to be subject to personal jurisdiction. *See* N.Y. Not-For-Profit Corporation Law § 309 (West 2017) (providing that any director, officer, key person, or agent of a not-for-profit corporation is subject to personal jurisdiction in New York). The four defendants who have objected to personal jurisdiction appear to have insufficient contacts with Wisconsin to enable a Wisconsin court to exercise jurisdiction over them consistently with the due-process clause.

Accordingly, **IT IS ORDERED** that the defendants' motion to dismiss (ECF No. 23) is **GRANTED**. The claims of SANA are dismissed without prejudice for failure to comply with the procedural requirements for bringing a derivative action. I relinquish supplemental jurisdiction over Tunio's personal claim.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2017.

/s Lynn Adelman
LYNN ADELMAN
United States District Judge